**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MANUEL ZAVALA-VIRELAS, | No.   15-73641 |
| Petitioner, | Agency No. A076-743-211 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Jose Manuel Zavala-Virelas, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision ordering him removed. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Mandujano-Real v. Mukasey*, 526 F.3d 585, 588 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Zavala-Virelas' contention that the BIA erred in applying the categorical approach to analyze his conviction is not supported, where the BIA did not state that his conviction is categorically a crime of violence, and cited to *United States v. Cabrera-Perez*, 751 F.3d 1000, 1005-07 (9th Cir. 2014), which applied the modified categorical approach to hold that a conviction under Arizona Revised Statutes §§ 13-1203(A)(2) and 13-1204(A)(2) is a crime of violence. The BIA properly determined that Zavala-Virelas' conviction for aggravated assault was under Arizona Revised Statutes §§ 13-1203(A)(2) and 13-1204(A)(2), and that it is an aggravated felony crime of violence that makes him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *See Cabrera-Perez*, 751 F.3d at 1005-07.

We lack jurisdiction to review Zavala-Virelas' unexhausted contentions regarding service anomalies with the notice to appear, errors in the allegations in the notice to appear, the divisibility of Arizona Revised Statutes §§ 13-1203 and 13-1204, the IJ's application of the modified categorical approach, and discrepancies between the plea agreement and the sentencing report in his record of conviction. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (due process claims based on procedural errors that could have been corrected by the agency must be exhausted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**